## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ZEROREZ FRANCHISING SYSTEMS, INC.** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION NO. 4:13-cv-2235** |
| v. | § § | |
| **DIRT FREE CARPET & UPHOLSTERY CLEANING, INC.** | § § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Zerorez Franchising Systems, Inc. ("ZFS" or "Plaintiff"), files this Original Complaint against Defendant Dirt Free Carpet & Upholstery Cleaning, Inc. ("Defendant").

### I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under Title 35 of the United States Code § 1 et seq.

### II. PARTIES

2. Plaintiff Zerorez Franchising Systems, Inc. is a limited liability company formed under the laws of the state of Nevada, with its place of business at 437 East 1000 South, Suite 200, Pleasant Grove, Utah 84062.

3. Upon information and belief, Dirt Free Carpet & Upholstery Cleaning, Inc. is a limited liability company formed under the laws of the state of Texas with its principal place of business at 5820 W. Sam Houston Pkwy N. Houston, TX 77041. Dirt Free Carpet & Upholstery Cleaning, Inc. may be served via its registered agent for service, Aubry Ray Theode, at 12660 Ashford Pt. No. 508, Houston, Texas 77082.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a), in that this action for patent infringement arises under the laws of the United States, including 35 U.S.C. §§ 271 and 281-285.

5. Personal jurisdiction over Defendant comports with the United States Constitution because Defendant does business in this judicial district, has committed and continues to commit, or has contributed and continues to contribute to, acts of patent infringement in this judicial district as alleged in this Complaint, or otherwise has sufficient contacts with the state.

6. Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b), and § 1400(b).

### IV. FACTUAL BACKGROUND

7. On October 28, 2003, United States Patent No. 6,638,364 (the "'364 Patent") entitled "System to Clean and Disinfect Carpets, Fabrics, and Hard Surfaces Using Electrolyzed Alkaline Water Produced From a Solution of NACL" was duly and legally issued to Electric Aquagenics Unlimited, and was exclusively licensed to ZFS at least as early as November 10, 2010. A copy of the '364 Patent is attached hereto as Exhibit A. As exclusive licensee, ZFS has the right to enforce the '364 Patent against infringers.

8. The '364 Patent is valid and enforceable.

9. The '364 Patent relates to a system and method for cleaning and disinfecting soft surfaces such as carpets, fabrics, and the like and for cleaning and disinfecting hard surfaces such as plaster, drywall, concrete, linoleum, counter tops, wood, metal, tile and the like. The system and method uses electrolyzed alkaline water produced by an electrolysis process.

## V. DEFENDANT'S INFRINGEMENT OF THE '364 PATENT

10. Upon information and belief, Defendant's manufacture, use, and sale of its soft and hard surface cleaning system, which incorporates "Super Water" as its cleaning solution, has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '364 Patent literally and/or under the doctrine of equivalents.

11. Defendant knew of the '364 Patent and willfully disregarded it. Despite Defendant's knowledge of the patent-in-suit, it willfully, deliberately, and intentionally infringed claims of the '364 Patent. ZFS has provided notice of infringement to Defendant.

12. Defendant's infringement of the '364 Patent has injured ZFS, has caused financial damage to ZFS, and will continue to do so unless enjoined by the Court.

## VI. JURY DEMAND

13. ZFS hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. PRAYER

ZFS requests a judgment from this Court including the following:

a. Defendant Dirt Free Carpet & Upholstery Cleaning, Inc. has infringed claims of the '364 Patent either literally or under the doctrine of equivalents;

b. Defendant and its agents, servants, officers, directors, employees, and all persons acting in concert with Defendant, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '364 Patent;

c. Defendant be ordered to account and pay to ZFS the damages to which ZFS is entitled as a consequence of the infringement of the '364 Patent including lost profits and/or no less than a reasonable royalty;

d.  Damages be trebled for the willful, deliberate, and intentional infringement by Defendant as alleged herein in accordance with 35 U.S.C. § 284;

e.  Declare this case an exceptional case and ZFS be awarded prejudgment interest, costs, disbursements, and attorneys' fees herein in accordance with 35 U.S.C. § 285; and

f.  ZFS be awarded such other and further relief as this Court may deem just and equitable.

Respectfully submitted this 31st day of July, 2013.

          BRACEWELL & GIULIANI LLP

By: */s/ John F. Luman III*
    John F. Luman III
    State Bar No. 00794199
    David W. Morris
    State Bar No. 24046481
    Zena Habal
    State Bar No. 24074337

711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(713) 221-1212 – Facsimile

ATTORNEYS FOR PLAINTIFF

4335165.2